**UNITED STATES DISTRICT COURT**
DISTRICT OF NEW JERSEY

| | |
|---|---|
| CHAMBERS OF<br>**MADELINE COX ARLEO**<br>UNITED STATES MAGISTRATE JUDGE | MARTIN LUTHER KING COURTHOUSE<br>50 WALNUT ST.<br>ROOM 2060<br>NEWARK, NJ 07101<br>973-297-4903 |

July 18, 2005

Ms. Carol Pianko
109 Almond Road
Freehold, New Jersey 07728

Steven Bird, Esq.
Reed Smith
One Riverfront Plaza
First Floor
Newark, New Jersey 07102

**REPORT AND RECOMMENDATION**

    **RE:**   **Pianko v. Continental Airlines**
             **Civil Action No.: 04-1795 (WGB)**

Dear Counsel and Ms. Pianko:

      On April 20, 2004, Mandy R. Steele, Esq., filed a Complaint on behalf of Ms. Pianko in the above case. On July 21, 2004, defendant Continental Airlines filed an Answer. Subsequently, Ms. Steele passed away.

      On January 28, 2005, this Court advised Ms. Pianko that she could proceed with this action by representing herself pro se. Alternatively, she could obtain new counsel to represent her interest. She was advised that if new counsel had not entered an appearance by February 28, 2005, she would be deemed proceeding pro se. This Court scheduled a status conference on March 14, 2005 at 10:00 a.m. Ms. Pianko did not appear, nor did anyone appear on her behalf. Since that time, no one has appeared on behalf of Ms. Pianko to prosecute this action.

      Accordingly, this Court respectfully recommends that, for the reasons expressed below, this case be dismissed with prejudice for a failure to prosecute pursuant to Fed. R. Civ. P. 41(b).

**Dismissal Pursuant to Fed. R. Civ. P. 41**

      The Plaintiff's failure to prosecute and to comply with Orders of this Court require this Court to determine the appropriate sanctions to impose. In Poulis v. State Farm Fire & Casualty Co., 747 F.2d 863 (3d Cir. 1984), the Third Circuit Court of Appeals set forth six factors which must be considered in determining whether to dismiss a plaintiff's action. Poulis, 747 F.2d at 868. The Poulis factors are: "(1) the extent of the party's personal responsibility; (2) the prejudice to the

adversary caused by the failure to meet scheduling orders and respond to discovery; (3) a history of dilatoriness; (4) whether the conduct of the party or the attorney was willful or in bad faith; (5) the effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions; and (6) the meritoriousness of the claim or defense." Id. at 868.  The Court is required to balance each factor in its analysis.  Id.   Each factor will be discussed in turn.

    1.    The Extent of the Party's Personal Responsibility

First, it is clear that as a *pro se* litigant, Plaintiff is solely responsible for her failure to abide by this Court's Orders and schedules.  Plaintiff instituted this lawsuit against Defendant in April 2004.  After the Court became aware of the death of Plaintiff's attorney, the Court made several attempts to contact Plaintiff, ultimately scheduling a status conference.  Plaintiff did not appear.  Moreover, Plaintiff has made no attempt to contact the Court to explain her absence.  Plaintiff's actions demonstrate a lack of interest in pursuing her claims.

    2.    Prejudice to the Adversary

There is no doubt that the delay caused by Plaintiff's lack of prosecution prejudices Defendant.  Defendant's Answer was filed fully one year ago.  With the passage of time, memories fade and evidence is lost.  Here, Plaintiff has failed to attend even the initial status conference set by the Court for March 14, 2005.  Plaintiff's actions have made it impossible for discovery to commence and for this action to proceed.  Thus, this factor militates in favor of dismissing the Complaint.

    3.    A History of Dilatoriness

Consistent non-response to the Court's letters and Orders seeking to determine Plaintiff's interest in maintaining this law suit clearly indicates a "pattern of deliberate dilatory action." Adams v. Trustees of the N.J. Brewery Employees' Pension Trust Fund, 29 F.3d 863, 874 (3d Cir. 1994).

    4.    Whether the Attorney's Conduct was Wilful or in Bad Faith

Plaintiff is deemed to represent herself *pro se*.  As such, the conduct of an attorney is not at issue.  Nonetheless, there are no facts in the record that suggest any wilful or bad faith on the part of Plaintiff.  We find no basis for terming Plaintiff's conduct in this case "deliberate" or "contumacious" within the meaning of Poulis.  Poulis, 747 F.2d at 868-89.  Rather, it appears that Plaintiff has merely decided not to pursue this law suit.

    5.    Alternative Sanctions

Alternative sanctions are not appropriate.  Plaintiff cannot be forced to pursue claims against Defendant. This Court is satisfied that Plaintiff has made a willful decision not to prosecute this civil action.

      6.      <u>Meritoriousness of the Claim</u>

At this stage of the proceedings, without any factual discovery, this Court cannot determine the meritoriousness of Plaintiff's claims.

"This is not the sympathetic situation of an innocent client suffering the sanction of dismissal due to the dilatory counsel whom it hired to represent it." <u>Adams</u>, 29 F.3d at 873.  A balancing of the <u>Poulis</u> factors weighs in favor of dismissing this action with prejudice.  Not all of the <u>Poulis</u> factors need to be satisfied in order to enter a dismissal.  <u>Mindek v. Rigatti</u>, 964 F.2d 1369, 1373 (3d Cir. 1992).  Here, Plaintiff, by her own inaction, has soundly demonstrated a lack of interest in prosecuting her claims.  Accordingly, the sanction of dismissal is merited.

### Conclusion

For the reasons expressed above, I recommend that Plaintiff's Complaint be dismissed with prejudice.  The parties have ten (10) days from receipt hereof to file and serve objections.

                                                              <u>*s/Madeline Cox Arleo*</u>
                                                             **MADELINE COX ARLEO**
                                                             **United States Magistrate Judge**

cc:      Hon. William G. Bassler, U.S.D.J.
           Clerk
           All Parties
           File